NOT FOR PUBLICATION

RECEIVED
DEC 20 2017
AT 8:30 _____ M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELYSEE NICOLAS, *individually and as representative of a class of participants and beneficiaries on behalf of the Princeton University 403(b) Plan*,

    Plaintiff,

v.

THE TRUSTEES OF PRINCETON UNIVERSITY,

    Defendant.

Civ. No. 17-3695

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court on two motions: a Motion for Reconsideration (ECF No. 20) and a Motion to Stay (ECF No. 21) brought by Defendant The Trustees of Princeton University ("Defendant"). Plaintiff Elysee Nicolas ("Plaintiff") opposes. (ECF Nos. 25, 26.) The Court has decided the motions after considering the parties' written submissions without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendant's Motion for Reconsideration is denied, but Defendant's Motion to Stay is granted.

## BACKGROUND

Plaintiff brings this putative class action alleging breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. §§ 1001–1461. Plaintiff, like other faculty and staff at Princeton University, is a participant in the Princeton University Retirement Plan and the Princeton University Savings Plan ("the Plans"). (Compl. ¶¶ 1, 11, 13,

1

ECF No. 1.) Defendant is the governing body of Princeton University, a private, nonprofit institution of higher learning (*id.* ¶ 14), and administrator of the Plans (*id.* ¶ 15).

Plaintiff alleges that Defendant's actions caused participants in the Plans to pay excessive administrative and recordkeeping fees. (*Id.* ¶¶ 25–55.) In particular, Plaintiff cites Defendant's failure to use its bargaining power to negotiate lower fees or conduct competitive bidding for recordkeepers (*id.* ¶¶ 26–27); contracting with two recordkeepers instead of one (*id.* ¶¶ 30–37); and using an asset-based model instead of a fixed dollar amount per participant (revenue sharing) (*id.* ¶¶ 42–50). Plaintiff likewise alleges that Defendant failed to remove two historically underperforming Plan investment options: the CREF Stock Account and TIAA Real Estate Account, each of which carried high investment management fees and low returns as compared to appropriate benchmarks and comparable investment funds. (*Id.* ¶¶ 56–80.) Plaintiff accordingly purports to bring this class action on behalf of "All participants and beneficiaries of The Princeton University Retirement Plan and the Princeton University Retirement Savings Plan from May 24, 2011, through the date of judgment . . . ." (*Id.* ¶ 87.)

Plaintiff's Complaint specifies three Counts, each of which *de facto* contains two subparts because the allegations pertain to breaches of distinct fiduciary duties: the duty of loyalty and the duty of prudence. Plaintiff alleges breaches of the fiduciary duties of loyalty and prudence for: (I) unreasonable administrative fees; (II) unreasonable investment management fees and performance losses with respect to the two particular annuities identified above; and (III) failure to monitor fiduciaries and service providers.

On August 7, 2017, Defendant filed a Motion to Dismiss and for Summary Judgment. (ECF No 7.) On September 19, the Court granted in part and denied in part Defendant's Motion to Dismiss and for Summary Judgment (ECF Nos. 10, 11), filing an Amended Opinion on September 25, 2017 (ECF No. 14). The Amended Opinion dismissed Counts I–II of Plaintiff's

2

Complaint with respect to the duty of loyalty and dismissed Count III of Plaintiff's Complaint in its entirety, granting Plaintiff leave to amend on all Counts. (Am. Op. at 4–10, ECF No. 14.) It also denied Defendant's alternative Motion for Summary Judgment on statute of limitations grounds. (*Id.* at 10–12.) With Court approval, the parties agreed to a revised briefing schedule for Defendant to file a motion for reconsideration and for Plaintiff to file an Amended Complaint. (*See* ECF Nos. 15, 17, 18.) On October 31, 2017, Defendant timely filed its Motion for Reconsideration according to the court-approved schedule. (ECF No. 20.) Defendant simultaneously filed a Motion to Stay, in view of the docketed appeal to the Third Circuit in the similar but unrelated matter of *Sweda v. University of Pennsylvania*, 2017 WL 4179752 (E.D. Pa. Sept. 21, 2017), *appeal filed*, No. 17-3244 (3d Cir. Oct. 13, 2017). (ECF No. 21.) Plaintiff opposes both motions. (ECF Nos. 25, 26.) Defendant replied to Plaintiff's opposition to the Motion to Stay on November 27, 2017. (ECF No. 27.) The Court now considers the Motion to Stay, followed by the Motion for Reconsideration.

## **LEGAL STANDARDS**

I. <u>Motion to Stay</u>

A district court has "broad power to stay proceedings." *Bechtel Corp. v. Local 215 Laborers' Int'l Union of N. Am.*, 544 F.2d 1207, 1215 (3d Cir. 1976) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). While the Supreme Court cautions that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both," *Landis*, 299 U.S. at 255, the Third Circuit has held that "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp.*, 544 F.2d at 1215; *see also Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975). To determine the suitability of such a stay, courts consider "whether a stay

will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [ ] stay." *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 WL 4056318, at *2 (D.N.J. Sept. 12, 2011) (citation omitted); *see also Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (addressing similar factors a court should consider). The party seeking the stay bears the burden of showing that it is warranted. *Nussbaum*, 2015 WL 5707147, at *2.

II. <u>Motion for Reconsideration</u>

Reconsideration is an extraordinary remedy that should be granted "very sparingly." L. Civ. R. 7.1(i) cmt. 6(d); *Friedman v. Bank of Am., N.A.*, 2012 WL 3146875, at *2 (D.N.J. Aug. 1, 2012). Pursuant to Federal Rule of Civil Procedure 59(e) and the Local Rules, a motion for reconsideration may be based on one of three grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration may be granted only if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## ANALYSIS

I. <u>Motion to Stay</u>

Defendant has brought to the Court's attention an appeal pending before the Third Circuit Court of Appeals in *Sweda v. University of Pennsylvania*, 2017 WL 4179752 (E.D. Pa. Sept. 21, 2017), *appeal filed*, No. 17-3244 (3d Cir. Oct. 13, 2017). In that case, a plaintiff brought a putative class action claiming fiduciary breaches of ERISA by the University of Pennsylvania, on the basis of substantially overlapping factual allegations as those alleged by Plaintiff here. (*See* Def. Br. for Stay at 3–7, ECF No. 21-1.) Two days after this Court granted in part and denied in part Defendant's Motion to Dismiss (ECF No. 10), Judge Gene E.K. Pratter of the Eastern District of Pennsylvania granted the University of Pennsylvania's motion to dismiss on all claims, finding that Sweda's complaint failed to create a plausible inference of fiduciary breach sufficient to survive a motion to dismiss. *Sweda*, 2017 WL 4179752, at *7–10; (*see also* Def.'s Br. for Stay at 7). Sweda appealed. Defendant seeks a stay of this action until that appeal is decided, asserting that the ERISA claims against each university defendant are strikingly similar and disposition of the appeal will clarify the controlling law, conserve judicial resources, and be highly instructive in this action going forward. (Def.'s Br. for Stay at 3–7, 9–10.)

Plaintiff opposes Defendant's Motion to Stay, arguing such an indefinite stay is exceedingly rarely granted, prejudicial to Plaintiff, and needlessly delays necessary discovery. (Pl.'s Br. Opp'n to Stay at 5–6, ECF No. 25.) Plaintiff also notes that, while the Eastern District of Pennsylvania dismissed the complaint in its entirety in *Sweda*, many other courts—including this Court—have allowed similar claims to proceed beyond the motion to dismiss stage. (Pl.'s Br. Opp'n to Stay at 1–2 (citing *Henderson v. Emory Univ.*, 252 F. Supp. 3d 1344, 1349–53 (N.D. Ga. 2017); *Tracey v. Mass. Inst. of Tech.*, 2017 WL 4478239, at *3–4 (D. Mass. Oct. 4, 2017); *Cunningham v. Cornell Univ.*, 2017 WL 4358769, at *5–7 (S.D.N.Y. Sept. 29, 2017);

5

*Kelly v. Johns Hopkins Univ.*, 2017 WL 4310229, at *2 (D. Md. Sept. 28, 2017); *Daugherty v. Univ. of Chi.*, 2017 WL 4227942, at *7–8 (N.D. Ill. Sept. 22, 2017); *Cates v. Trs. of Columbia Univ. in the City of New York*, 2017 WL 3724296, at *2 (S.D.N.Y. Aug. 28, 2017); *Clark v. Duke Univ.*, 2017 WL 4477002, at *1 (M.D.N.C. May 11, 2017)); *see also, e.g.*, *Sacerdote v. N.Y. Univ.*, 2017 WL 3701482, at *8–9, (S.D.N.Y. Aug. 25, 2017), *reconsideration denied*, 2017 WL 4736740 (S.D.N.Y. Oct. 19, 2017). Accordingly, Plaintiff asserts that Defendant is engaging in litigation gamesmanship and delaying tactics. Of all the cases brought to the Court's attention, however, the only other case decided in the Third Circuit and governed by the law of this circuit is *Sweda*, and the appeal of that case alone directly bears on the prior and future rulings of this Court. (*See* Def.'s Reply at 2, 2 n.2, ECF No. 27.)

The Court evaluates the suitability of a stay according to three factors, detailed above. First, it is undisputed that a stay would simplify issues and promote judicial economy to some extent. (Def.'s Br. to Stay at 9; Pl.'s Br. Opp'n to Stay at 6; Def.'s Reply at 3.) While Plaintiff disputes Defendant's characterization of the overlaps between *Sweda* and the instant action (Pl.'s Br. Opp'n to Stay at 4), it is undoubtedly true that a Third Circuit ruling on the viability of claims raised in both lawsuits will create a more definite roadmap for this Court in applying controlling law. Should the Third Circuit affirm the *Sweda* decision, which dismissed the complaint in its entirety for failing to state a plausible claim to relief, this Court would need to revisit its earlier opinion allowing certain of Plaintiff's claims to proceed under the same standard. The Court finds that a stay would promote judicial economy by preventing needless back-and-forth in discovery or motion practice on disputed legal standards in the Third Circuit's

law on fiduciary breaches under ERISA, streamlining discovery and guiding future proceedings.[1] This weighs heavily in favor of granting a stay.

Plaintiff argues that the balance of harm to the parties weighs heavily against granting a stay. (*See, e.g.*, Pl.'s Br. Opp'n to Stay at 2 ("Plaintiff in this case should not have to wait for months and months to begin discovery simply because another federal court disagreed with this Court's ruling.").) Further, Plaintiff argues that a stay would "delay the case unnecessarily and for an unknown period of time," "prevent[] Plaintiff from procuring necessary discovery in a timely manner," and that "discovery in the case could be misplaced or become inaccessible due to the passage of time and faded memories." (*Id.* at 5.) Defendant counters that a stay will lessen the burden on the parties by avoiding "discovery that either turns out not to be needed or that is incomplete because it does not extend to claims that are put back in the case." (Def.'s Br. to Stay at 9.) Further, Defendant argues that there are no concerns about evidence being misplaced or lost given Defendant's extensive recordkeeping obligations, the documentary evidence that will be made available to refresh memories that may fade, and the fact that Plaintiff's claims are already dated and the additional delay will have minimal impact. (Def.'s Reply at 3–4.) Balancing the potential harm to the parties, the Court agrees with Defendant that Plaintiff's concerns about hardship caused by delay are not substantial enough to militate against a stay. Indeed, "a stay carries little risk that either party's interest will be seriously harmed pending the Third Circuit's decision." *Bais Yaakov*, 2011 WL 4056318, at *2.

Finally, the Court turns to the anticipated length of the stay. It is undisputed that a stay awaiting a decision in *Sweda* would be for an uncertain and significant period of time, lasting

---

[1] The Court is particularly mindful of the fact that its prior Opinion and Amended Opinion give Plaintiff leave to file an amended complaint, opening an opportunity for Defendant to file a renewed motion to dismiss. The Court would then again confront the Third Circuit law which is disputed here and which would be resolved by the pending appeal in *Sweda*.

7

potentially a year or more. (*See, e.g.*, Def.'s Br. to Stay at 11; Pl.'s Br. Opp'n to Stay at 2.) While no one can predict the exact length of the stay, the Court is encouraged that a briefing schedule has already been set in the Third Circuit and is scheduled to be completed by January 19, 2018. (Def.'s Br. to Stay at 11 n.8.) Regarding the advisability of a stay given its potential length, the Court notes that the parties in this action have repeatedly stipulated to extended briefing schedules. (*See, e.g.*, ECF Nos. 4, 15, 17, 18.) Overall, the Court determines that any anticipated delay is not "excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive . . . issues presently in dispute." *Bais Yaakov*, 2011 WL 4056318, at *2. Therefore, Defendant's Motion to Stay is granted.

II. Motion for Reconsideration

Defendant argues that the Court committed clear errors of law in its prior opinion (ECF Nos. 10, 14). In particular, Defendant asserts that the Court misconstrued controlling Third Circuit law, namely *Renfro v. Unisys Corp.*, 671 F.3d 314 (3d Cir. 2011) and *In re Unisys Savings Plan Litigation*, 173 F.3d 145 (3d. Cir. 1999). (Def.'s Br. for Recons. at 1–2, 3–7, 9–11, ECF No. 20-1.) Defendant also asserts the Court misconstrued evidence presented regarding material facts necessary for the Court's disposition of Defendant's alternative motion for summary judgment. (*Id.* at 1–2, 7–9.) Having concluded that a stay is appropriate, the Court need not address at length the motion for reconsideration. In view of the impending Third Circuit consideration of *Sweda*, further changes in controlling law are currently anticipated. It would be unwise for the Court to disturb its previous ruling, given that the Third Circuit will soon resolve many of the precise issues that Defendant requests this Court to reconsider. Defendant's Motion for Reconsideration is denied. Defendant may file a renewed motion for reconsideration in view of an intervening change in controlling law upon the Third Circuit's decision in *Sweda*.

## **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Reconsideration is denied.

Defendant's Motion to Stay is granted. An appropriate order will follow.

Date: December 19, 2017

ANNE E. THOMPSON, U.S.D.J.