NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELYSEE NICOLAS, individually and as a representative of a class of participants and beneficiaries on behalf of the Princeton University 403(b) Plan,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF PRINCETON UNIVERSITY,<br><br>Defendant. | Civ. No. 17-3695<br><br>**OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion for Reconsideration brought by Defendant Trustees of Princeton University ("Defendant"). (ECF No. 39.) Plaintiff Elysee Nicholas ("Plaintiff") opposes. (ECF No. 41.) The Court has decided the Motion based on the parties' written submissions and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is denied.

## BACKGROUND

Plaintiff brings this putative class action alleging breaches of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 28 U.S.C. §§ 1001–1461. Plaintiff, like other faculty and staff at Princeton University, is a participant in the Princeton University Retirement Plan and the Princeton University Savings Plan (the "Plans"). (Compl. ¶¶ 1, 11, 13,

1

ECF No. 1.)  Defendant is the governing body of Princeton University and the administrator of the Plans.  (*Id.* ¶¶ 14–15.)  Of import here, Plaintiff alleges that Defendant failed to remove two historically underperforming Plan investment options: the CREF Stock Account and TIAA Real Estate Account (the "Accounts"), each of which carried high investment management fees and low returns as compared to appropriate benchmarks and other investments funds.  (*Id.* ¶¶ 56–80.)

On May 23, 2017, Plaintiff filed the Complaint, wherein she alleged three counts, each alleging a breach of both the duties of loyalty and prudence: (1) unreasonable administrative fees (*id.* ¶¶ 91–97), (2) unreasonable investment management fees and performance losses (*id.* ¶¶ 98–105), and (3) failure to monitor fiduciaries and service providers (*id.* ¶¶ 106–11).  Defendant filed a Motion to Dismiss and Motion for Summary Judgment on August 7, 2017.  (ECF No. 7.)  On September 19, 2017, the Court, noting that Plaintiff "ha[d] not opposed the motion, and the time for response ha[d] expired," determined, *inter alia*, that the Complaint was not time-barred under ERISA's statute of limitations and thus denied Defendant's Motion for Summary Judgment in that regard.  (Op. at 1, 10–12, ECF No. 10.)  The next day, on September 20, 2017, Plaintiff indicated that, pursuant to a prior Joint Stipulation and Order (ECF No. 4), Plaintiff's deadline to oppose had not lapsed and thus requested that the Court amend its Opinion to correct this inaccuracy.  (ECF No. 13.)  Without altering its prior judgment, the Court filed an Amended Opinion on September 25, 2017, wherein it simply removed the reference to Plaintiff's time to oppose expiring.  (*Compare* Am. Op. at 10–12, ECF No. 14, *with* Op. at 10–12.)

On October 31, 2017, Defendant filed both its initial Motion for Reconsideration (ECF No. 20) and a Motion to Stay pending the Third Circuit's resolution of *Sweda v. University of Pennsylvania*, 2017 U.S. Dist. LEXIS 153958, at *2 (E.D. Pa. Sept. 21, 2017), *appeal filed*, Court of Appeals Docket No. 17-3244 (3d Cir. Oct. 13, 2017), a factually and legally similar

2

case (ECF No. 21). The Court granted the stay on December 20, 2017. (ECF No. 29.) However, in light of the Third Circuit's then-pending decision in *Sweda*, the Court determined that it "need not address at length the motion for reconsideration" as "[i]t would be unwise for the Court to disturb its previous ruling, given that the Third Circuit will soon resolve many of the precise issues that Defendants request[ed] this Court to reconsider." (Recons. Op. at 8, ECF No. 28.) The Court administratively closed the action for the duration of the stay and directed Defendant to revisit the stay within ten days of the Third Circuit's decision in *Sweda*.

On May 2, 2019, the Third Circuit issued its decision in *Sweda v. University of Pennsylvania*, 923 F.3d 320 (3d Cir. 2019), and on May 13, 2019, Defendant asked to renew its previous Motion to Reconsideration (ECF No. 37). The Court granted that request (ECF No. 38) and Defendant filed the instant Motion for Reconsideration on June 10, 2019 (ECF No. 39). Plaintiff opposed on June 25, 2019. (ECF No. 41.) The renewed Motion for Reconsideration is currently before the Court.

## **LEGAL STANDARD**

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1(i), a motion for reconsideration must be based on one of three grounds: (1) an intervening change in controlling law, (2) new evidence not previously available, or (3) a clear error of law or manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Generally, a motion for reconsideration is intended "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). But "[r]econsideration is an extraordinary remedy that is granted very sparingly." *Brackett v. Ashcroft*, 2003 U.S. Dist. LEXIS 21312, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted); *see also* L. Civ. R. 7.1(i), cmt. 6(d). A motion for reconsideration may be granted only

3

if there is a dispositive factual or legal matter that was presented but not considered that would have reasonably resulted in a different conclusion by the court. *White v. City of Trenton*, 848 F. Supp. 2d 497, 500 (D.N.J. 2012). Mere disagreement with a court's decision should be raised through the appellate process and is thus inappropriate on a motion for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## DISCUSSION

In light of the Third Circuit's ruling in *Sweda*, "[Defendant] has withdrawn several of the previously asserted grounds for reconsideration." (Def.'s Br. at 3, ECF No. 39-1.) In fact, Defendant makes no argument in regard to *Sweda* in this briefing. Defendant thus offers no "intervening change in law" to justify reconsideration. Nor does Defendant offer any "new evidence not previously available." Presumably, then, Defendant perceives the Court's prior Opinion as being "a clear error of law or manifest injustice." But Defendant, admittedly, refashions "arguments previously advanced in support of reconsideration" in its previous papers filed in 2017. (*Id.*) More specifically, Defendant contends that the Court erred in allowing Plaintiff's underperformance claim to proceed because it is time-barred by ERISA's statute of limitations.

## I. ERISA's Three-Year Statute of Limitations

ERISA provides that "[n]o action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation . . . after . . . three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). "'[A]ctual knowledge of a breach or violation' requires that a plaintiff have actual knowledge of all material facts necessary to understand that some claim exists, which facts could include necessary opinions of experts, knowledge of a transaction's harmful consequences, or

4

even actual harm." *Gluck v. Unisys Corp.*, 960 F.2d 1168, 1177 (3d Cir. 1992) (internal citations omitted). "Section 1113 sets a high standard for barring claims" under its statute of limitations: "mere knowledge" of a transaction is not always sufficient, so "actual knowledge" requires "knowledge of all relevant facts at least sufficient to give the plaintiff knowledge that a fiduciary duty has been breached or ERISA provision violated." *Id.* at 1178. The actual knowledge requirement is not satisfied if the plaintiff had only "constructive knowledge of a breach before he actually knows of the breach." *Id.* at 1176.

## II. Defendant Is Not Entitled to Reconsideration

Defendant first raises that it previously offered, in its Rule 56.1 Statement of Undisputed Facts, "detailed disclosures on the relative performance of the [Accounts that] were mailed to all participants every year from 2012 to 2016." (Def.'s Br. at 4 (citing Def.'s Statement of Undisputed Fact ("SUMF") ¶¶ 18, 24, ECF No. 7-2).) One particular disclosure, dated July 9, 2013, detailed that the Accounts "had average annual returns of 12.04%, 4.25%, and 8.91% over the previous 1, 5 and 10 year periods, and these returns underperformed the Russell 3000 Index." (Def.'s SUMF ¶ 18; *see also* Disclosure (July 9, 2013), Ex. J, ECF No. 7-4 (summarizing plan services and costs).) Defendant contends that this disclosure demonstrates that Plaintiff had actual knowledge of the underperformance of the Plans on this date, and thus her suit must have been filed by July 9, 2016—almost a year before Plaintiff actually filed suit.

However, the mailing of this disclosure, a sophisticated and nuanced fifteen-page document of average annual returns and benchmarks, alone, is insufficient to satisfy Defendant's high burden for reconsideration. Not only does the record presented before the Court during summary-judgment briefing lack any evidence that Plaintiff reviewed and amply digested such information to comprehend that retention of the Accounts was imprudent, but it also lacks

5

evidence that Plaintiff even received the disclosure. Mere *access* to such information is insufficient as access may only amount to constructive knowledge; Plaintiff must have actually "*underst[oo]d* that some claim exist[ed]" at the time, "which could include [or require] necessary opinions of experts."[1] *Gluck*, 960 F.2d at 1177 (emphasis added); *see Kurz v. Phila. Elec. Co.*, 96 F.3d 1544, 1551 (3d Cir. 1996) (holding that "all the material elements of a breach of fiduciary duty claim were patently obvious" where defendant "openly announced that certain employees would receive better benefits, and others would not"); *see also Tibble v. Edison Int'l*, 711 F.3d 1061, 1069 (9th Cir. 2013) ("When beneficiaries claim 'the fiduciary made an imprudent investment, actual knowledge of the breach [will] usually require some knowledge of how the fiduciary selected the investment.'" (quoting *Brown v. Am. Life Holdings, Inc.*, 190 F.3d 859 (8th Cir. 1999))). Rather than identify an affirmative act by Plaintiff, such as acknowledging receipt of the disclosure or reacting in some manner implying that she understood the breach of fiduciary duty at the time, Defendant relies on the passive notion that being mailed a disclosure revealing that the Accounts "had average annual returns of 12.04%, 4.25%, and 8.91% over the previous 1, 5 and 10 year periods" constitutes "actual knowledge."

Defendant also assumes that the Court is obligated to treat its previous Motion for Summary Judgment as unopposed and thus deem all of Defendant's proffered facts as undisputed and conceded. (*See* Def.'s Br. at 5 ("The Court's failure to recognize that there were no factual disputes regarding Plaintiff's receipt of the participant disclosures . . . clearly impacted its ruling denying summary judgment.").) But the Court ruled on Defendant's Motion for

---

[1] The Court rejected a similar argument in its prior Opinion. (*See* Am. Op. at 11–12 ("Defendant's assertion that Plaintiff had access to various websites linking to the annuities' prospectuses for more than three years does not prove that Plaintiff both knew of the underlying facts and that those facts constituted a breach." (internal citation omitted)).)

Summary Judgment before Plaintiff's deadline to oppose had lapsed, depriving Plaintiff of the opportunity to submit a response to Defendant's Rule 56.1 Statement of Undisputed Facts. Plaintiff therefore did not "fail[] to properly address another party's assertion of fact," Fed. R. Civ. P. 56(e), or concede as "undisputed for purposes of the summary judgment motion" Defendant's proffered material facts, L. Civ. R. 56.1.

Lastly, Defendant argues that "Plaintiff effectively admitted that he received the disclosures concerning the performance of the [Accounts] by referencing these disclosures in his Complaint." (Def.'s Br. at 4–5 (citing Compl. ¶¶ 52–53).) Though these allegations mention "disclosures" and information contained therein, they do not state or even suggest that Plaintiff received the disclosures in July 2013. Moreover, the Court already rejected this argument in its prior Opinion. (*See* Am. Op. at 12 ("Plaintiff's allegations specifically relate to . . . deficiencies in Defendant's reporting materials, of which Plaintiff may not have had knowledge until sometime after those materials were made available." (citing Compl. ¶¶ 51–54)).) Defendant simply disagrees with the Court's prior Opinion, which is not fertile ground for reconsideration. *See Qureshi v. AG United States*, 677 F. App'x 757, 763 (3d Cir. 2017) ("A motion to reconsider must be based on errors of fact or law; mere disagreement with the outcome is not sufficient.").

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Reconsideration is denied. An appropriate Order will follow.

Date: <u>August 15, 2019</u>                        <u>/s/ Anne E. Thompson</u>
                                                                           ANNE E. THOMPSON, U.S.D.J.