## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELYSEE NICOLAS, Individually and as representative of a class of participants and beneficiaries on behalf of the Princeton University 403(b) Plans, | : : Civil Action No.: 17-3695 (AET)(DEA) : : : |
| *Plaintiff*, | : : |
| v. | : : : |
| THE TRUSTEES OF PRINCETON UNIVERSITY, | : : : |
| *Defendant*. | : : : |

### [~~PROPOSED~~] FINAL APPROVAL ORDER AND FINAL JUDGMENT

This action came on for a final fairness hearing, held on __December 22__, 2020, on a proposed Settlement (the "Settlement") of this class action (the "Action") preliminarily certified for settlement purposes, and the issues having been duly heard and a decision having been duly rendered,

**IT IS HEREBY ORDERED AND ADJUDGED:**

To the extent not otherwise defined herein, all terms shall have the same meaning as used in the Stipulation of Settlement executed on __August 13,__ 2020 (the "Stipulation").

The Court has jurisdiction over the subject matter of this Action and over all Parties to this Action, including all Settlement Class Members.

The Court hereby approves and confirms the Settlement embodied in the Stipulation as being a fair, reasonable, and adequate settlement and compromise of this Action, adopts the Stipulation as its Judgment, and orders that the Stipulation shall be effective, binding, and enforced according to its terms and conditions.

The Court determines that Plaintiff has asserted claims on behalf of the Princeton University Retirement Plan ("Retirement Plan") and the Princeton University Savings Plan ("Retirement Savings Plan") (together, the "Plans") to recover losses alleged to have occurred as a result of violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA").

The Court determines that the Settlement, which includes the payment of $5,800,000 on behalf of Defendant, as well as Prospective Relief, including Defendant's not increasing the Plans' recordkeeping fees for three years, using commercially reasonable best efforts to continue to attempt to reduce recordkeeping fees for the Plans, and conducting a Request for Proposal process for recordkeeping-administrative services and outside independent investment consulting services, has been negotiated vigorously and at arm's length by Class Counsel, and further finds that, at all times, Plaintiff has acted independently and that his interests are identical to the interests of the Plans and the Settlement Class. The Court further finds that the Settlement arises from a genuine controversy between the Parties and is not the result of collusion, nor was the Settlement procured by fraud or misrepresentation.

The Court finds that the Plans' participation in the Settlement is on terms no less favorable than Plaintiff's and the Settlement Class' and that the Plans do not have any additional claims above and beyond those asserted by or could have been asserted by Plaintiff that are released as a result of the Settlement.

The Court determines that the Settlement is not part of an agreement, arrangement, or understanding designed to benefit a party in interest, but rather is designed and intended to benefit the Plans, and the Plans participants and beneficiaries.

Accordingly, the Court determines that the negotiation and consummation of the

Settlement by Plaintiff on behalf of the Plans and the Settlement Class do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b), 29 U.S.C. §§ 1106(a) or (b). Further, the Court finds that in light of the analysis and opinion provided by the Independent Fiduciary, to the extent any of the transactions required by the Settlement constitute a transaction prohibited by ERISA § 406(a), 29 U.S.C. §§ 1106(a), such transactions satisfy the provisions of Prohibited Transaction Exemption 2003-39. 68 Fed. Reg. 75632 (2003).

The Court determines that the Class Notice transmitted to the Settlement Class, pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all Settlement Class Members who could be identified through reasonable efforts. Such Class Notice provides valid, due and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Stipulation, to all persons entitled to such Class Notice, and such Class Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

The Court hereby approves the maintenance of the Action as a non-opt-out class action solely for Settlement purposes, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) with the Settlement Class being defined as:

> All participants and beneficiaries who had an account balance in either the Princeton University Retirement Plan or the Princeton University Retirement Savings Plan (the "Plans") during the Class Period, excluding any participant who is currently serving as a fiduciary or has served as a fiduciary to the Plans during the Class Period. Also excluded from the Class are the Judges to whom this case is assigned as well as the Judges' immediate families.

The "Class Period" is defined as May 24, 2011 through *[the date of Preliminary Approval Order.]*

Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms its prior appointment of Lite DePalma Greenberg LLC, Schneider Wallace Cottrell Konecky LLP, and

3

Berger Montague PC as co-lead class counsel ("Class Counsel").

Based on the Settlement, the Court hereby dismisses the Complaint and the Action against Defendant with prejudice.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Plaintiff, the Plans, and each Member of the Settlement Class on their own behalf and on behalf of their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released each and all of the Releasees from the Released Claims.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, Defendant, including their present or former agents, employees, attorneys, accountants, representatives, advisers, investment bankers, trustees, parents, heirs, estates, executors, administrators, successors, and assigns, shall be deemed to have released the Released Parties from any claims that may have arisen out of this Action.

As of the date of Complete Settlement Approval and payment of the Settlement Amount, all release provisions shall be given full force and effect in accordance with each and all of their express terms and provisions, including those terms and provisions relating to unknown, unsuspected, or future claims, demands, or causes of action. Further, Plaintiff assumes for himself, and on behalf of the Settlement Class, and Defendant assumes the risk of any subsequent discovery of any matter, fact, or law, that, if now known or understood, would in any respect have affected or could have affected any such Person's entering into the Stipulation.

The Court further determines that Defendant has fully complied with the notice requirements of the Class Action Fairness Act of 2005, to the extent possible.

All Settlement Class Members and the Plans are hereby barred and enjoined from the

institution and prosecution, either directly or indirectly, of any other actions in any court asserting any and all Released Claims against any and all Releasees.

The litigation expenses incurred by Class Counsel in the course of prosecuting this action are reasonable. Accordingly, Class Counsel are awarded expenses in the amount of $ 32,389.21 , to be paid from the Settlement Fund. The attorney's fees sought by Class Counsel in the amount of 33.3 percent (1/3 %) of the common fund established in this Action are reasonable in light of the successful results achieved by Class Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Class Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Class Counsel are awarded attorneys' fees in the amount of 33.3 percent ( 1/3%) of the common fund established in this Action, specifically $ 1,933,333 .

Plaintiff Elysee Nichols is hereby awarded a case contribution award in the amount of $ 7,500

Class Counsel's attorney's fees and expenses and Plaintiff's incentive or case contribution award shall be paid pursuant to the timing requirements described in the Stipulation.

The Plan of Allocation for the Settlement Fund is approved as fair, reasonable, and adequate. Any modification or change in the Plan of Allocation that may hereafter be approved shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

Without affecting the finality of this Judgment, the Court retains jurisdiction for purposes of implementing the Stipulation and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Stipulation and Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**SO ORDERED** this ___22nd___ day of December , 2020.

                                                      s/Douglas E. Arpert
                                    Hon. Dougles E. Arpert
                                    Mfagistrate Judge, United States District Court for the District of New Jersey

------terminates ECF Nos. 64 and 65